UNITED STATES DISTRICT COURT　　SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
**ENTERED**
August 08, 2022
Nathan Ochsner, Clerk

| | |
|---|---|
| Mitchell L. Williams, § | |
| Plaintiff, § | |
| versus § | Civil Action H-21-2492 |
| Kilolo Kijakazi, § | |
| Defendant. § | |

# Opinion on Summary Judgment

1. *Introduction.*

   Mitchell Williams is a 52 year-old veteran. He applied for disability and was denied benefits. The hearing officer found that Williams did not meet or equal a listed impairment. He filed this appeal of the Social Security Administration's decision.

   The parties cross-moved for summary judgment and neither party replied. The question is whether substantial evidence supports the commissioner's decision that Williams is not disabled under the Social Security Act.

2. *Standard of Review.*

   Williams brought this action for judicial review of the commissioner's final decision to deny him disability insurance benefits. *See* 42 U.S.C. §§ 205(g), 405(g) (2005).

   Judicial review is limited to determining whether substantial evidence in the record supports the commissioner's decision. This is a level of proof that a reasonable mind would accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). A decision unsupported by substantial evidence must be overturned. It would be arbitrary, failing the requirement that governmental process be regular. *U.S. Const. amend. V.*

3. *Statutory Criteria.*

The law has a five-step evaluation process to determine whether a claimant is disabled. First, a claimant is not disabled if he works for substantial gain. Second, a claimant is not disabled unless he has been medically impaired for at least twelve months. Third, a claimant is not disabled unless his impairment meets one listed in appendix 1 of the regulation. Fourth, if the commissioner has yet to make a determination, he will consider the effects of the claimant's impairments on his capacity to work. If the claimant is able to perform his past work, she is not disabled. Fifth, a claimant is not disabled if he can adjust to other work that is a significant part of the national economy. 20 C.F.R. § 404.1520(a) (2003).

4. *Evidence.*

A. *Background.*

Williams has been declared 100% disabled by the Veterans Administration. He served in the Marine Corps with tours in Iraq, Saudi Arabia, and Kuwait. He says he is still dealing with the effects of post-traumatic stress disorder. Williams says that he was diagnosed with tinnitus and headaches.

When Williams applied for social security on March 5, 2020, he said that his disability had begun on November 18, 2019 due to PTSD. A hearing was held and the administrative law judge determined that Williams was not disabled.

The hearing officer found that Williams was not disabled through the five-step evaluation process.

First, the hearing officer founds that Williams not been gainfully employed since November 18, 2019. Second, the hearing officer found that Williams is severely impaired by: (a) disorders of the cervical-thoracic spine; (b) disorders of the lumbosacral spine; (c) disorder of the shoulders; (d) disorder of the elbows; (e) disorder of the hips; (f) disorder of the knees; (g) post-traumatic stress disorder (PTSD); and (h) obstructive sleep apnea. Third, the officer found that none of Foster's impairments met one listed under the regulations. Fourth,

the officer determined that Foster could do light work after considering the combined effects of her impairments. Fifth, the officer found that Foster could find work in the national economy as an office helper, officer cleaner; and laundry sorter.

    B.    *Application.*

Williams's raised two issues on appeal: (1) whether the officer erred at Step Two by failing to consider all of the evidence that supports his disability; and (2) whether the officer erred at Step Five by selecting a hypothetical question that did not incorporate his symptoms.

    1.    *Step Two.*

At Step Two, the officer must determine whether the claimant has a medically determinable impairment that is "severe" or a combination of impairments that is "severe." 20 CFR 404.1520(c).

Williams says that the officer did not discuss his visits with the VA. He says the VA revealed additional impairments. For example, he cited to the record where he told a VA doctor that he was "moody, up and down; bad sleep patterns."

Williams complained of these symptoms with other doctors, which is reflected in the officer's letter denying benefits. The officer cited the November 20, 2020, visit to a doctor where he complained of sleeping issues. The June 16, 2020, call was also described by the officer where Williams complained of a sleep disorder.

The list of VA visit remarks in Williams's brief includes joint pain. The officer cited to Williams's December 16, 2020, trip to the VA hospital where he complained of joint pain..

Williams's list of conditions that he says were not considered is not reflective of the officer's decision. The list of symptoms from the VA visits were identified in the officer's decision through other medical visits. While it may not have been the same medical visit to the VA, the officer has the discretion to weigh the medical opinions. This court cannot reweigh the evidence.

The officer considered all the evidence to support the list of severe impairments.

2. *Step Five.*

The officer may pose hypothetical questions to a vocational technician to assess job suitability. A hypothetical question must (a) reasonably incorporate all of the disabilities recognized by the officer, and (b) allow the claimant the opportunity to correct deficiencies in the question.[1] The officer is entitled to rely on the technician's knowledge of job requirements.

Williams argues that the hearing officer's hypothetical question to the technician failed to consider his impairments. He argues that because the officer failed to incorporate PTSD in the hypothetical, the decision was not supported by substantial evidence.

The government says that the officer met its burden to show that Williams could perform other jobs in the economy. It does not address the omission of PTSD from a hypothetical.

The officer found that Williams's PTSD was a severe impairment. The officer considered the severity of the impairments before Step Four to determine Williams's residual functional capacity for purposes of job suitability. Step Four thoroughly identified his PTSD directly, which was used to inform the residual functioning capacity identification. For example, the officer considered Williams's sleep disorder, ringing in the ears, and the effects of Lexapro, on his ability to perform light work.

The hearing officer did not explicitly identify PTSD in the hearing with the vocational expert. The hypothetical did, however, cover symptoms based on the residual functional capacity such as limited social interactions with the public. The officer asked the technician whether unskilled jobs existed to cover residual functional capacity with these impairments. Jobs did exist.

Williams had the opportunity during cross-examination to correct the question and probe the officer's inquiry.

The hearing officer's determination is supported by substantial evidence.

---

[1] *See Boyd v. Apfel*, 239 F.3d 698 (5th Cir. 2001).

5. *Conclusion.*

The commissioner's decision denying Mitchell Williams's claim for disability benefits is supported by substantial evidence. (9)

Signed on August 8, 2022, at Houston, Texas.

_____
Lynn N. Hughes
United States District Judge